## PERRY v. RYDER

JUDGMENT—INCONSISTENT JUDGMENT—REMAND.

Case in which judgment awarded counterclaimant damages but later stated that there was no cause of action on the counterclaim is inconsistent and must be remanded to the trial court for clarification (GCR 1963, 810).

Appeal from Common Pleas Court of Detroit, John Patrick O'Brien, J. Submitted Division 1 May 12, 1969, at Detroit. (Docket No. 5,305.) Decided June 23, 1969.

Complaint by James R. Perry against Leonard G. Ryder for labor and materials. Counterclaim by defendant for loss of use of premises and "living out" expenses. Judgment for plaintiff and judgment on counterclaim for defendant. Plaintiff appeals. Remanded.

*Felix S. Kubik,* for plaintiff.

*Hurwitz & Karp,* for defendant.

BEFORE: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. This civil action arose out of an oral agreement made between the parties whereby plain-

REFERENCE FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 931.

tiff was to complete a modernization job on the residence of defendant. A dispute arose between the parties and the plaintiff stopped work after receiving a portion of the agreed payment. He brought this action to recover the balance due for labor and materials.

The defendant counterclaimed for damages against plaintiff for loss of the use of his premises and "living out" expenses due to the plaintiff's delay in completing the job.

The lower court found that the plaintiff was entitled to compensation for the sum alleged. It also awarded damages to the defendant equal to the amount plaintiff received other than costs and an attorney fee. However, the judgment states that as to the counterclaimant, judgment is rendered of no cause of action.

Plaintiff urges that the trial court committed error in making the award for inconvenience when it is inconsistent with the finding of the court of no cause of action on the counterclaim. A motion for new trial was denied on the ground that the matter was on appeal.

This Court agrees with the contention of the plaintiff and this case is sent back to the trial court for the purpose of clarification of the inconsistent judgment. See GCR 1963, 810. Deletion of the last sentence of the judgment, whereby a no cause of action is decreed, will render it consistent with the merits of the cause and the court's judgment as pronounced in the early portion of the judgment.

Remanded for proceedings in conformity with this opinion. No costs.